Arvin Johanne Alcon MARQUEZ,
aka Arvin Johanne Marquez,
Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 14–73672.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2015.*

Filed July 28, 2015.

Arvin Johanne Marquez, Adelanto, CA, pro se.

Sheri Robyn Glaser, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

## MEMORANDUM **

Arvin Johanne Alcon Marquez, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey,* 524 F.3d 1066, 1070 (9th Cir.2008). We deny the petition for review.

Substantial evidence supports the BIA's determination that Alcon Marquez failed to establish that he was or would be persecuted on account of any protected ground. *See Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir.2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Molina–Morales v. INS,* 237 F.3d 1048, 1051–52 (9th Cir.2001) (personal retribution is not persecution on account of a protected ground). Thus, Alcon Marquez's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT relief because Alcon Marquez failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to the Philippines. *See Silaya,* 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.